# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

STEVEN LEE ADAMS,

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 1:12-CV-366

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Steven Lee Adams appeals the grant of summary judgment to Bank of America, N.A. ("BANA") and Recontrust Company, N.A. in this wrongful foreclosure lawsuit. For the reasons herein, we affirm the district court's summary judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50552

## I.

On July 31, 2006, Adams purchased the property located at 3101 Welton Cliff Drive, Cedar Park, Texas 78613. He did so by executing an $825,000.00 note, secured by a deed of trust granting a first lien against the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary and nominee for the original lender, Countrywide Bank, N.A., and Countrywide's successors and assigns. BANA, through its corporate subsidiaries, serviced the note and deed of trust on behalf of a securitized trust after August 11, 2006. BANA came to own the deed of trust after BAC Home Loans Servicing, LP—to which the deed was assigned from MERS on May 5, 2010—merged into BANA effective July 1, 2011. Adams was never directed to make payments to any entity other than BANA.

Adams defaulted on the mortgage in May 2009. BANA provided a notice of default the next month. On November 15, 2011, BANA provided a notice of acceleration and appointed a substitute trustee the next day. Adams was served on November 17, 2011 with notice of a foreclosure sale on the property. The notice was also filed in the Travis County public records. The sale was to take place on January 3, 2012. On December 19, 2011, BANA assigned the deed of trust to itself "for the benefit of" the trust. BANA purchased the property for $978,000.00 at the foreclosure sale "for the benefit of" the trust.

## II.

Adams brought suit, generally challenging BANA's authority to foreclose on the property. He also claimed BANA agreed to allow him to conduct a short sale of the property but foreclosed before the short sale could be completed.[1] Adams asserted causes of action including wrongful foreclosure, violations of the Texas Debt Collection Act, violations of the Texas Deceptive Trade

---

[1] Adams does not re-advance claims relating to the short sale agreement on appeal.

2

No. 13-50552

Practices Act, violations of the Texas Property Code, violations of the Texas Civil Practice and Remedies Code, quiet title, breach of contract, and fraud in a real estate transaction. Defendants-Appellees moved for summary judgment, which the district court granted.

Adams appeals *pro se* herein. He argues that summary judgment was inappropriate because the record contains genuine issues of material fact. Specifically, he contends that the foreclosure was defective because BANA appointed a substitute trustee before it had the authority to do so; any assignment from MERS was ineffective; and BANA was required to hold the note to foreclose the deed of trust. He further argues that Defendants-Appellees filed fraudulent documents with respect to the foreclosure. Lastly, he argues that the trial court did not address all of the "disputed issues" he presented below in his response to Defendants-Appellees' motion for summary judgment.

### III.

We review grants of summary judgment de novo, applying the same standard as the district court. *Antoine v. First Student Inc.*, 713 F.3d 824, 830 (5th Cir. 2013); *see also* Fed. R. Civ. P. 56(a) (summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the trial court's judgment and reasoning, we AFFIRM the summary judgment in favor of Defendants-Appellees and adopt its analysis in full.

3